UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN STEPHEN ROUTT, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 21-CV-0014-JED-JFJ |
| SCOTT CROW, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This matter is before the Court on respondent Scott Crow's motion (Dkt. # 14) to dismiss the petition for writ of habeas corpus (Dkt. # 1) filed by petitioner John Stephen Routt. Crow moves to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Having considered Crow's brief in support of the motion (Dkt. # 15), Routt's response in opposition to the motion (Dkt. # 18), and applicable law, the Court denies the motion. No later than 30 days after the entry of this opinion and order, Crow shall file a response to the petition, in accordance with Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, and submit any additional state-court records that may be necessary to adjudicate Routt's claims.

**I.      Background**

Routt, a state inmate appearing pro se, seeks federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2016-4467. In that case, a jury convicted Routt of first degree burglary, unlawful possession of a controlled drug, and threatening an act of violence. Dkt. # 15-1, Routt v. State, No. F-2017-1126 (Okla. Crim. App. 2018) (unpublished) ("OCCA Op."), at 1-2. The jury recommended sentences of 40 years' imprisonment

as to the burglary conviction, 40 years' imprisonment as to the drug-possession conviction, and six months' imprisonment as to the threat conviction. Dkt. # 15-1, OCCA Op., at 2. The trial court sentenced Routt accordingly and ordered that the two 40-year sentences be served concurrently with each other and that the six-month sentence be served consecutively to the first 40-year sentence. Dkt. # 15-1, OCCA Op., at 2.

Routt filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Through counsel, Routt filed an appellate brief asserting eight propositions of error; additionally, he filed a supplemental pro se brief asserting three propositions of error. Dkt. # 15-1, OCCA Op., at 2-3; Dkt. # 15-7, TCDC Order, at 2-3. In an unpublished summary opinion filed December 27, 2018, the OCCA affirmed Routt's judgment and sentence. Dkt. #15-1, OCCA Op., at 1, 19. Routt did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, Pet., at 2.

On April 1, 2019, Routt filed an application for postconviction relief in the District Court of Tulsa County, asserting nine propositions for relief. Dkt. # 15-2, Appl., at 2. In an order filed June 7, 2019, the Tulsa County District Court ("TCDC") denied Routt's application, finding that Routt waived several claims by failing to raise them on direct appeal and that Routt's remaining claims were without merit. Dkt. # 15-7, TCDC Order, at 3-19. Routt filed a postconviction appeal, and the OCCA affirmed the denial of his application for postconviction relief in an order filed November 20, 2019. Dkt. # 15-12, Routt v. State, No. PC-2019-543 (Okla. Crim. App. Nov. 20, 2019) (unpublished) ("OCCA PC Order"), at 1, 7.

Nearly five months later, on April 8, 2020, Routt filed an application for a writ of habeas corpus, in the District Court of Comanche County, Case No. WH-2020-1, claiming his restraint was

2

unlawful because the trial court erroneously instructed the jury on the definition of reasonable doubt and seeking his immediate release from state custody. Dkt. # 15-13, Habeas Appl., at 1-2. On August 6, 2020, Routt filed a petition for writ of mandamus in the OCCA, seeking an order directing the Comanche County District Court ("CCDC") to issue a ruling on his habeas application. Dkt. # 15-15, Mandamus Pet., at 1-2. Six days later, on August 12, 2020, the CCDC denied Routt's habeas application, reasoning that Routt's application asserted a trial error that should have been raised on direct appeal. Dkt. # 15-16, CCDC Order, at 1. On Routt's motion, the OCCA issued an order on October 16, 2020, dismissing the mandamus petition as moot. Dkt. ## 15-18, 15-21.

Meanwhile, Routt appealed the CCDC's denial of his habeas application by filing an application for writ of habeas corpus in the OCCA, on September 4, 2020, asserting the same reasonable-doubt-jury-instruction error he presented to the CCDC. Dkt. # 15-19, OCCA Habeas Appl., at 1-2. In an order filed November 4, 2020, in Case No. HC-2020-603, the OCCA denied Routt's habeas application. Dkt. # 15-22, Routt v. Crow, No. HC-2020-603 (Okla. Crim. App. Nov. 4, 2020) (unpublished) ("OCCA Habeas Order"), at 1. The OCCA concluded that Routt failed to show that he was illegally restrained because his judgment and sentence had not been overturned or modified. Dkt. # 15-22, OCCA Habeas Order, at 1-2. Alternatively, the OCCA concluded that Routt's sole basis for seeking habeas relief was "not the proper subject of a petition for writ of habeas corpus" because he could have raised the alleged instruction error on direct appeal and, under Oklahoma law, "the writ of habeas corpus is neither a substitute for, nor an authorization to bypass, the statutory direct appeal or postconviction process for challenging a Judgment and Sentence." Dkt. # 15-22, OCCA Habeas Order, at 2.

Routt filed the instant federal habeas petition on January 7, 2021. Dkt. # 1, Pet., at 15, 80.[1]

## II.   Discussion

### A.   Legal framework

Crow moves to dismiss Routt's petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkt. ## 14, 15. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner generally has one year from the date his or her state-court judgment becomes final, upon the conclusion of direct review, to file a federal habeas petition challenging the constitutional validity of that state-court judgment. 28 U.S.C. § 2244(d)(1)(A);[2] Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The one-year limitation period is tolled by statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To obtain the benefit of statutory tolling, the petitioner must file an application for postconviction relief or other collateral review in state court before the one-year limitation period expires. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). And the application for postconviction relief or other collateral review must be "properly filed," meaning that the application's "delivery and acceptance [must be] in

---

[1]   The Clerk of Court received Routt's petition on January 11, 2021. Dkt. # 1, Pet., at 1. Routt signed the petition on January 4, 2021. Dkt. # 1, Pet., at 15. However, the section of the petition permitting Routt to declare, under penalty of perjury, the date on which he placed the petition in the prison mailing system is blank. Dkt. # 1, Pet., at 15. The envelope in which Routt mailed the petition is stamped "legal mail" in two corners and reflects a date-stamp and postmark of January 7, 2021. Dkt. # 1, Pet., at 80. Applying the prison mailbox rule, the Court thus considers the petition filed on January 7, 2021. See Marsh v. Soares, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (discussing prison mailbox rule); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts (incorporating prison mailbox rule).

[2]   The one-year limitation period may also commence on a later date under § 2244(d)(1)(B), (d)(1)(C), or (d)(1)(D).

compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Because the AEDPA's one-year statute of limitations is not jurisdictional, federal courts may toll the limitation period for equitable reasons. Holland v. Florida, 560 U.S. 631, 645, 649-50 (2010). To obtain equitable tolling, a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of the federal habeas petition. Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is considered "a rare remedy to be applied in unusual circumstances." Al-Yousif v. Trani, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008)). In addition, courts may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). But the equitable exception established by Perkins "applies to a severely confined category" of cases, namely, "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" Perkins, 569 U.S. at 395 (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

**B.   Analysis**

Crow contends that Routt's petition is untimely under § 2244(d)(1)(A), even with the benefit of statutory tolling, that Routt fails to demonstrate any extraordinary circumstances that would warrant equitable tolling of the one-year limitation period, and that Routt fails to present a credible claim of actual innocence. Routt disagrees, arguing that the petition is timely with the benefit of

statutory tolling and, alternatively, that if the petition is untimely, he is entitled to equitable tolling or application of Perkins' equitable exception.[3]

Contrary to Crow's first contention, the petition is timely under § 2244(d)(1)(A). As previously discussed, Routt sought direct review of his state-court judgment by filing a direct appeal in the OCCA, and the OCCA affirmed his judgment on December 27, 2018. Routt had 90 days thereafter to seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Gonzalez, 565 U.S. at 150; Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). That 90-day period expired on March 27, 2019, Routt's one-year limitation period commenced the next day, on March 28, 2019, and, absent statutory tolling, his one-year limitation period would have expired on March 30, 2020. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing calculation of the AEDPA's one-year limitation period).[4]

But, as both parties agree, Routt is entitled to statutory tolling between April 1, 2019, when he filed his application for postconviction relief in the TCDC, and November 20, 2019, when the OCCA affirmed the denial of his application for postconviction relief. 28 U.S.C. § 2244(d)(2); see Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (explaining that an application for postconviction relief is "pending" through "all of the time during which a state prisoner is

---

[3] In his response to the motion to dismiss, Routt argues that the petition is timely under § 2244(d)(1)(A) and appears to argue, in the alternative, that the petition is timely through application of § 2244(d)(1)(B) or equitable tolling and that he is actually innocent. Dkt. # 18, Resp., at 8-9. However, as further discussed below, the Court finds that the petition is timely under § 2244(d)(1)(A). The Court thus finds it unnecessary to address the parties' arguments for or against application of § 2244(d)(1)(B), equitable tolling principles or Perkins' equitable exception.

[4] Routt's one-year limitation period would have expired on March 28, 2020. However, because that was a Saturday, he would have had until the following Monday, March 30, 2020, to file a timely federal habeas petition. FED. R. CIV. P. 6(a)(1)(C).

attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application" (quoting Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999))). Routt's one-year limitation period ran for four days before he filed the application for postconviction relief, and began to run again on November 21, 2019, the day after the OCCA issued its order denying relief. At that point, Routt had 361 days, or nearly one year, to file a timely federal habeas petition.

The parties disagree as to whether Routt is entitled to any additional statutory tolling. In Crow's view, neither Routt's state habeas application nor his mandamus petition were properly filed applications for collateral review under § 2244(d)(2). Dkt. # 15, Resp't's Br., at 15-19. Thus, according to Crow, Routt's one-year limitation period expired on November 16, 2020, nearly two months before he filed the instant federal habeas petition. Dkt. # 15, Resp't's Br., at 15, 19. Routt agrees that his mandamus petition did not toll the one-year limitation period because it did not seek collateral review of his judgment and sentence. Dkt. # 18, Resp., at 2 n.1. But he argues that he is entitled to statutory tolling between April 8, 2020, and November 4, 2020, while his habeas application was pending in state court. Dkt. # 18, Resp., at 2-7. Thus, Routt argues, with the benefit of statutory tolling for this additional period, he had 222 days remaining, as of November 5, 2020, to file a timely federal habeas petition and his January 7, 2021, petition is timely.

For two reasons, the Court agrees with Routt. First, his state habeas application is an application for other collateral review for purposes of § 2244(d)(2). See Wall v. Kholi, 562 U.S. 545, 552 (2011) (stating, "our cases make clear that habeas corpus is a form of collateral review," and noting that "it is well accepted that state petitions for habeas corpus toll the limitation period" for filing a federal habeas petition). Second, contrary to Crow's position, Routt's habeas application

was "properly filed" as that phrase has been interpreted by the United States Supreme Court. Crow argues that, under state law, a prisoner must raise claims challenging the validity of his or her judgment and sentence through an application for postconviction relief, not through a habeas application. Dkt. # 15, Resp't's Br., at 15-18. Thus, Crow argues, "[b]ecause [Routt's] state habeas petition challenged his convictions and sentences, it *should have been filed* as a post-conviction application in his county of conviction; as such, [Routt's] state habeas was not a 'properly filed' tolling motion." Dkt. # 15, Resp't's Br., at 17 (emphasis in original). Routt contends that his habeas application was "properly filed" in the county of his confinement even if, ultimately, both the CCDC and the OCCA determined that he could not obtain the relief he sought through that application because he asserted a claim that should have been raised on direct appeal or through an application for postconviction relief. See Artuz, 531 U.S. at 10-11 (explaining that an application that seeks postconviction relief or other collateral review is "properly filed" for purposes of § 2244(d)(2) if it complies with state rules and laws that "set forth a condition to filing, as opposed to a condition to obtaining relief"). Routt has the better argument. Significantly, the Artuz Court rejected an argument nearly identical to the one Crow makes here, reasoning:

> The state procedural bars at issue in this case—N.Y.Crim. Proc. Law §§ 440.10(2)(a) and (c) (McKinney 1994)—simply prescribe a rule of decision for a court confronted with claims that were "previously determined on the merits upon an appeal from the judgment" of conviction or that could have been raised on direct appeal but were not: "[T]he court must deny" such claims for relief. Neither provision purports to set forth a condition to filing, as opposed to a condition to obtaining relief. Motions to vacate that violate these provisions will not be successful, but they have been properly delivered and accepted so long as the filing conditions have been met. Consequently, the alleged failure of respondent's application to comply with §§ 440.10(2)(a) and (c) does not render it "[im]properly filed" for purposes of § 2244(d)(2).

Artuz, 531 U.S. at 11. Like the state's procedural bars at issue in Artuz, Oklahoma's laws impose a procedural bar that precludes relief sought through a state habeas application when the claim or claims asserted in the habeas application could have been raised on direct appeal or through an application for postconviction relief. See OKLA. STAT. tit. 22, § 1080 ("Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence."); Berryhill v. State, 43 P.3d 410, 412 (Okla. Crim. App. 2002) ("[H]abeas corpus is not a substitute for a direct appeal. Challenges to the Judgment and Sentence must be made through post-conviction procedures in the proper District Court."). Yet, as in Artuz, the fact that Routt asserted a procedurally-barred claim in his habeas application does not mean that he failed to comply with conditions to filing the habeas application and, therefore, did not render his habeas application improperly filed for purposes of § 2244(d)(2).[5] The Court therefore agrees with Routt that he is entitled to statutory tolling for the period that his state habeas application was pending in state court, i.e., between April 8, 2020, and November 4, 2020.

---

[5] The Court acknowledges Crow's point that it reached a different conclusion in Hawkins v. Martin, No. 19-CV-0314-JED-JFJ, 2020 WL 5262259, at *3 (N.D. Okla. Sept. 3, 2020), and Hawkins v. Martin, No. 19-CV-0312-CVE-JFJ, 2020 WL 3051593, at *4 (N.D. Okla. June 8, 2020). However, in both cases, the Court further concluded, in the alternative, that even if the state habeas applications at issue in those cases were "properly filed" tolling motions, the petitioner's federal habeas application, in each case, remained untimely. Hawkins v. Martin, No. 19-CV-0314-JED-JFJ, 2020 WL 5262259, at *3 n.4 (N.D. Okla. Sept. 3, 2020); Hawkins v. Martin, No. 19-CV-0312-CVE-JFJ, 2020 WL 3051593, at *4 n.6 (N.D. Okla. June 8, 2020). Here, the timeliness of Routt's petition hinges entirely on whether his state habeas application was "properly filed" and Routt persuasively argues that Artuz made clear that a "properly filed" application complies with state laws and rules setting out preconditions to filing the application, not preconditions to obtaining relief on claims raised in the application. Even assuming the Court mistakenly applied Artuz in the Hawkins cases, the Court need not make that same mistake here.

### C. Conclusion

In sum, the Court finds that Routt's one-year limitation period commenced on March 28, 2019, ran for four days, was tolled between April 1, 2019, and November 20, 2019, ran for 139 days, and was tolled between April 8, 2020, and November 4, 2020, leaving Routt with 222 days, or until June 15, 2021, to file a timely federal habeas petition. Because the petition, filed January 7, 2021, is timely under 28 U.S.C. § 2244(d)(1)(A), the Court denies Crow's motion to dismiss the petition. No later than 30 days after the entry of this opinion and order, Crow shall file a response to the petition, in accordance with Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, and shall submit any additional portions of the state-court record that are necessary to adjudicate Routt's claims. No later than 30 days after Crow files the response, Routt may file an optional reply brief.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Crow's motion to dismiss (Dkt. # 14) is **denied**.

2. No later than 30 days after the entry of this opinion and order, Crow shall file a response to the petition, in accordance with Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, and shall submit any additional portions of the state-court record that are necessary to adjudicate Routt's claims.

3. No later than 30 days after Crow files the response, Routt may file an optional reply brief.

**DATED** this 27th day of December, 2021.

*/s/ Claire V. Eagan*
_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE
for JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE